1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>                              Petitioner,<br><br>          vs.<br><br>CONNIE GIPSON, Warden,<br><br>                              Respondent.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 12-3026 MRW<br><br>ORDER DISMISSING UNTIMELY<br>HABEAS PETITION |

**I.    SUMMARY OF DECISION**

        This is a state habeas action.  Petitioner challenges his life sentence for a criminal conviction incurred in 1996.  Although Petitioner initially suggested that he is "actually innocent" of the conduct underlying the case, he withdrew that claim and presents a much narrower basis for seeking federal habeas review.  His claims are time-barred under federal law, though.  As a result, the Attorney General's motion to dismiss the untimely habeas action will be granted.

## II.   HISTORY OF ACTION

### A.   State Court Proceedings

In 1996, a state court jury convicted Petitioner for his role in a gang-related drive-by shooting in Compton.  Petitioner was convicted of murder, attempted murder, and related weapons charges and enhancements.  The trial judge sentenced Petitioner to two consecutive life sentences plus three years in state prison. (Docket # 13 at 1.)  Petitioner's conviction was affirmed in the court of appeal. The conviction became final upon the denial of a petition for review in the state supreme court in early 1999.

After that, Petitioner began a long habeas journey through the state court system.  According to the Attorney General's brief, Petitioner filed at least 11 habeas petitions in the state superior, appellate, and supreme courts.  (Id. at 1-3 (summarizing state court history).)  Some of the state courts issued reasoned decisions regarding Petitioner's claims.  Some summarily denied the petitions, or gave shorthand references to state court decisions signifying that Petitioner's claims were untimely under state law or could have been raised on direct appeal. No state court granted Petitioner any relief from his convictions or sentence.[1]

---

[1]     Petitioner apparently filed another habeas action in the state supreme court recently, although the Court cannot determine whether it relates to his 1996 conviction or another criminal case.  In re Shepard, case no. S205476 (Cal. filed Sept. 20, 2012) (accessed via California Appellate Courts Case Information website on Oct. 11, 2012).

## B.   Federal Habeas Action

Petitioner filed this federal habeas action in April 2012.[2]  The petition originally consisted of three claims.  In Ground One, Petitioner contended that he is "illegally restrained of his liberty" because his attempted murder conviction is inconsistent with the jury's "not true" findings as to several sentencing enhancements.  In Ground Two, Petitioner advanced a similar argument that he is "actually innocent" because of the composition of the jury's verdict.  In Ground Three, Petitioner claimed that a police witness committed perjury at trial and that the prosecution failed to disclose exculpatory evidence.  (Docket # 1 at 5-12.)

Because the petition appeared to be time-barred on its face, the Court instructed Petitioner to submit an additional statement to establish the timeliness of his action, including any information or evidence to support an argument for equitable tolling of the statute of limitations.  (Docket # 4.)  Petitioner submitted a statement in which he conceded that his habeas petition "does look untimely" and that he "agree[d] with the Court that I waited over a decade to seek federal court relief."  (Docket # 5 at 2-3.)  However, Petitioner argued that he thought that his case was still on appeal in state court, and he was ignorant of the legal requirements to seek federal review.  Petitioner acknowledged that he only "attacks the sentence in this petition" based on his claim that he was illegally sentenced.  (Id.)

Additionally, Petitioner submitted a declaration signed by one of the victims of the shooting.  The victim (an inmate at another California prison) signed a

---

[2]     Petitioner also commenced a second federal habeas action that challenges a different criminal conviction he incurred in 2011.  Shepard v. Gipson, CV 12-2803 DSF (MRW) (C.D. Cal.).  The ruling in the present action does not affect the status of the case involving the 2011 conviction.  Both parties consented to Magistrate Judge jurisdiction for the present case.

1 one-page statement in 2012 in which he recanted his 1995 identification of
2 Petitioner as the shooter.  The declaration further stated that the victim was
3 pressured to identify Petitioner due to misconduct by the police and prosecutor
4 handling the case.  (Docket # 5 at 11.)

5     The Attorney General moved to dismiss the petition.  (Docket # 13.)
6 According to the motion, the petition is time-barred under AEDPA in its entirety
7 because Petitioner's conviction has been final for many years.  The Attorney
8 General also contended that Petitioner's "actual innocence" claim was unexhausted
9 because, among other reasons, Petitioner never presented the 2012 victim
10 declaration to the state supreme court for consideration.  (Docket # 13 at 19-20.)

11     In his response to the dismissal motion, Petitioner admitted that "Respondent
12 is correct.  This evidence has never been presented to the California Supreme
13 Court.  So therefore said Ground Two is partially unexhausted." (Docket # 18
14 at 12.)  As a result, Petitioner acknowledged that his petition was mixed.  Petitioner
15 then expressly and unambiguously stated that he "would like to proceed only on
16 the unauthorized sentence claim raised in [Ground One of the petition.] And the
17 grounds unexhausted [involving his actual innocence claim in Ground Two] be
18 dismissed and stricken for the record." (Id. (emphasis added).)[3]

19
20 ───────────────

21    [3]   Petitioner reiterated his intent to alter his federal petition when he
22 clarified the nature of his illegal sentence claim:

23       Ground One is not unexhausted, and Petitioner is not
24       relying on [the victim's] declaration due to Petitioner
      asked for it to be stricken from the record and proceed[s]
25       on the unauthorized sentence claim in Ground [One,]
26       which is the only ground Petitioner raised besides the
27       actual innocent claim.

28                                 (continued...)

As to the timeliness of his federal petition, Petitioner relies solely upon state court decisions that allow a challenge to an unauthorized sentence to be raised "at any time." (Id. at 8, 9.)  Petitioner cites no federal court authority in support of his contention that his action is timely under AEDPA.

## III.    DISCUSSION

As the Court reads Petitioner's submissions, he voluntarily dismisses his "actual innocence" claim – and the newly-presented declaration supporting it – from federal consideration because he concedes that Ground Two is unexhausted. He also offers no specific explanation regarding the untimeliness of his perjured testimony / Brady disclosure claim in Ground Three.  The Court therefore considers the timeliness of that claim in conjunction with the "unauthorized sentence" claim in Ground One.

### A.    Timeliness Requirements Under AEDPA

Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims.  28 U.S.C. § 2244(d)(1). The limitations period is generally triggered when the time for appellate review becomes final, or under other specific conditions set forth in the statute.  28 U.S.C. § 2244(d)(1)(A-D); Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

A later accrual date may be available under AEDPA "if vital facts [regarding a claim] could not have been known by the date the appellate process ended."  Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012).  Under that circumstance, the AEDPA limitations period runs from the time that the factual predicate of a claim

---

[3](...continued)
> Petitioner respectfully rel[ies] on the unauthorized
> sentence claim in Ground One.

(Id. at 13 (emphasis added).)

5

1    "could have been discovered" through the exercise of "reasonable diligence under

2    the circumstances." Id. (citing Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir.

3    2010), vacated on other grounds, 654 F.3d 902 (9th Cir. 2011)).  AEDPA's

4    one-year statute of limitations "applies to each claim in a habeas application on an

5    individual basis"; untimely claims cannot be revived by the assertion of a separate

6    timely-but-late-discovered claim.  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th

7    Cir. 2012).

8          The AEDPA limitations period is tolled when a prisoner properly files an

9    application for state post-conviction review (statutory tolling) and during the

10   period of time between such state habeas proceedings (gap tolling).  28 U.S.C.

11   § 2244(d)(2).  AEDPA's statutory limitations period may also be tolled for

12   equitable reasons "in appropriate cases."  Holland v. Florida, ___ U.S. ___, 130 S.

13   Ct. 2549, 2560 (2010).  The Ninth Circuit recognizes the availability of equitable

14   tolling of the statute of limitations in situations where "extraordinary

15   circumstances beyond a prisoner's control make it impossible to file a petition on

16   time."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  A prisoner has the

17   burden of establishing that: (1) he has been pursuing his rights diligently; and

18   (2) some extraordinary circumstances caused the delay.  Pace v. DiGuglielmo,

19   544 U.S. 408, 418 (2005).  This is a highly fact-dependent determination, and is

20   typically "unavailable in most cases."  Miles v. Prunty, 187 F.3d 1104, 1007 (9th

21   Cir. 1999).

22          **B.    Analysis**

23          Petitioner concedes that he filed his federal habeas action long after the

24   expiration of his AEDPA limitations period.  Petitioner's conviction became final

25   in 1999; he then waited over a decade to file his federal action.  Petitioner does not

26   challenge the Attorney General's calculation that, after accounting for an amount

27   of statutory and gap tolling attributable to his early rounds of state habeas review,

28   the AEDPA one-year time period to seek federal habeas relief ended in mid-2002.

1   (Docket # 13 at 15.)  On its face, then, Petitioner's 2012 federal petition is time-

2   barred under AEDPA.

3        To save his untimely petition, the Court understands Petitioner to claim that

4   he thought his conviction was under continued consideration by the state supreme

5   court from 1999 through 2009.  (Docket # 5 at 2-3.)  Petitioner supports that

6   contention with a copy of a letter from his appellate attorney in early 1999 stating

7   that she intended to file a petition for review with the supreme court in his case.

8   (Id. at 8.)  From this, Petitioner claims that it took him years to "notice his counsel

9   didn't file [a petition] in the Supreme Court as alleged."  (Id. at 3.)  The Court

10   analyzes this contention as a request for equitable tolling or a later accrual date

11   under Section 2244(d)(1).

12        Yet, the record shows that Petitioner's lawyer did file a petition for review

13   on his behalf; the state supreme court denied it in March 1999.  (Lodgment # 2, 3.)

14   Petitioner offers no explanation as to why he was unaware of these events in his

15   criminal case or was unable to find out the status of his own case.  He also offers

16   no evidence in support of a claim that any outside force beyond his control

17   prevented him from learning about the supreme court's denial of relief in a timely

18   way.  To the contrary, Petitioner has vigorously and continuously litigated his

19   conviction in state court over the years.  According to the Attorney General's

20   filings, Petitioner was able to file numerous state habeas petitions during the period

21   when his AEDPA clock was either tolled or ticking.  (Docket # 13 at 1-2.)  His

22   custody status clearly did not prevent Petitioner from filing or receiving court

23   documents.  It is therefore apparent that Petitioner could have determined the status

24   of his petition for review with the state supreme court through the use of

25   reasonable diligence.

26        Given his experience as a prison litigant and the absence of any

27   extraordinary circumstances that prevented Petitioner from seeking timely federal

28   relief, the Court has no basis to find equitable tolling here.  Furthermore,

1  Petitioner's lack of exercising basic diligence in monitoring the status of his
2  petition in the state supreme court – over, he concedes, a ten-year period – cannot
3  lead to a later "discovery" date of the existence of this claim under
4  Section 2244(d)(1).  Petitioner fails to carry his burden with either argument.

5       Petitioner's alternate contention is that he is broadly entitled to challenge the
6  lawfulness of his sentence by means of a habeas petition "at any time."  (Docket
7  # 18 at 11.)  Petitioner relies on several state court decisions to support this
8  argument.  (Id. at 8-11 (citing People v. Andrade, 100 Cal. App. 4th 351, 354
9  (2002) ("Claims involving unauthorized sentences or sentences entered in excess
10 of jurisdiction can be raised at any time."); In re Harris, 5 Cal. 4th 813, 830-33,
11 842 (1993) (appellate court may correct a sentence not authorized by law
12 "whenever the error comes to the attention of the court")).)

13      Petitioner may well have been entitled – under California law – to advance
14 his post-conviction claims regarding the illegal nature of his sentence "at any time"
15 in a state habeas action.  But that argument fails to satisfy the federal time standard
16 as to when a prisoner must bring a claim for review of an alleged constitutional
17 error to this Court.  The AEDPA rule is clear; a state prisoner must file his action
18 within one year of the later of the termination of state appellate review or another
19 statutorily prescribed event.  The mere institution of state proceedings is, itself,
20 insufficient to avoid the operation of AEDPA's one-year filing period.  See, e.g.,
21 Mardesich, 668 F.3d at 1171 (in enacting AEDPA, Congress did not intend that the
22 "statute of limitations never completely runs on any claim"); Ford v. Gonzalez, 683
23 F.3d 1230, 1237-38 (9th Cir. 2012) (rejecting prisoner's argument that "he is
24 entitled to equitable tolling merely because he alleges" a Brady violation; "If Ford
25 were correct, AEDPA's one-year statute of limitations would never bar" such a
26 claim).

27

28

1    Petitioner does not contend that he recently discovered the facts underlying

2  his unauthorized sentence claim.[4]  28 U.S.C. § 2244(d)(1)(D).  He also does not

3  explain that he relies on a newly recognized federal constitutional right or that a

4  state impediment to filing for federal relief was recently removed.  28 U.S.C.

5  § 2244(d)(1)(B-C).  Rather, he simply argues that he has an automatic right to

6  federal consideration of his petition whenever he exercises his perpetual right to

7  state consideration of the claim.  That result is prohibited by the clear text of the

8  federal statute and Ninth Circuit authority.  Because the AEDPA limitations period

9  expired in Petitioner's case approximately a decade ago, he is foreclosed from

10  obtaining federal review of his sentence at this stage.

11  **IV.   <u>CONCLUSION</u>**

12    Petitioner's federal habeas petition is untimely under AEDPA.

13  Respondent's dismissal motion is GRANTED, and the petition is dismissed with

14  prejudice as to the pending claims.

15

16  DATED: October 15, 2012

17

18                                    HON. MICHAEL R. WILNER
                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26    [4]    Petitioner expressly withdrew his contention of newly-discovered

27  evidence regarding his "actual innocence" claim.  That evidence is not relevant to
    his illegal sentence claim, and cannot revive the claim for consideration under

28  AEDPA.  <u>Mardesich</u>, 668 F.3d at 1170-71.

9